## THE BURNSIDE.
## THE BETHLEHEM.

District Court, S. D. New York.
Feb. 7, 1940.

Clive C. Handy, of New York City (Kenneth O. Mott-Smith, of New York City, of counsel), for libelant.

Charles E. Miller, of New York City (John J. McElhinny, of New York City, of counsel), for respondent and claimant.

CONGER, District Judge.

This proceeding was commenced by libelant to recover damages to its barge Burnside, sustained by said barge while it was being towed by claimant's tug Bethlehem on September 18th, 1936.

Briefly the facts are as follows: on the aforesaid date the tug Bethlehem was towing two barges, the libelant's barge Burnside and the barge Clayton, the Clayton being in tow astern of the Burnside. The tug, with the barges in tow, was proceeding across the North River and when well out in the stream the hawser leading from the stern bitt of the Bethlehem to the port bow bitt of the Burnside parted near the splice of the eye over the bitt of the Burnside, with the result that the two barges,· the Burnside and the Clayton, pitched about and·came in collision, causing damage to the stern of the Burnside.

The libelant, in the libel herein, makes various charges of negligence on the part of the Bethlehem and those in charge of her. However, I find no negligence, except insofar as the parting of the hawser imputes negligence to the Bethlehem and her owners. The case was tried apparently on the theory, and this is borne out by libelant's brief herein, that the parting of the hawser supplied by the tug makes out a prima facie case of negligence. Several cases are cited to me in support of this theory. Assuming this to be true, the claimant has fairly met this issue by showing that the hawser in question was one suitable for the purpose for which it was used; that it was a new line of first quality, five or five and a half inches in circumference, in which the eye had been spliced on the morning of September 18th, 1936, and was being used for the first time.

Therefore, since the claimant has successfully rebutted the presumption of negligence raised by the parting of the hawser, the burden of affirmatively proving negligence was with the libelant. The libelant having failed to prove negligence, I must dismiss the libel.

I find as conclusions of law: that the libelant has failed to meet the burden of proof to establish any negligence on the part of the claimant herein; that the hawser from the stern of the Bethlehem to the port bow bitt of the Burnside was sufficient in size and proper for its use; that it did not part as a result of any negligence on the part of the Bethlehem or claimant.

The respondent and claimant is entitled to a decree herein dismissing the libel.

If this opinion is not in sufficient compliance with the rule requiring findings of fact and conclusions of law, submit findings of fact and conclusions of law, on notice, in accordance therewith.